# IN THE COURT OF APPEALS OF IOWA

No. 21-1143
Filed November 3, 2021

**IN THE INTEREST OF N.M.,**
**Minor Child,**

**E.C., Mother,**
       Appellant.
_____

       Appeal from the Iowa District Court for Marion County, Steven Guiter, District Associate Judge.

       A mother appeals the termination of her parental rights.  **AFFIRMED.**

       Nicholas Einwalter, Des Moines, for appellant mother.

       Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

       William E. Sales III of Sales Law Firm, P.C., Des Moines, attorney and guardian ad litem for minor child.

       Considered by Mullins, P.J., and Schumacher and Ahlers, JJ.

**MULLINS, Presiding Judge.**

This mother has a long history of drug use. The child came to the attention of the Iowa Department of Human Services (DHS) at the time of his birth in March 2020 in relation to the mother's use of methamphetamine and amphetamines during pregnancy. The child tested positive for both substances. The State sought and obtained an order for temporary removal. The child was later adjudicated as in need of assistance. The mother did not meaningfully participate in services. In December, however, an extension of six months was authorized, given the recent identification of the child's father. The State filed its termination petition in May 2021. By the time of the termination hearing in July, the mother had not had a visit with the child in over a year. While she had recently participated in treatment to address her mental health and substance abuse, the DHS worker characterized those steps as too little, too late. And her participation in treatment was triggered by being involuntarily committed to inpatient treatment. The mother agreed the child could not be returned to her care at the time of trial, but she requested additional time to prove she could maintain sobriety. Yet, the mother anticipated moving in with her new boyfriend, who also has a history of drug use.

Ultimately, the juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(h) (2021).[1] The mother appeals, arguing the State failed to prove the child could not be returned to her custody at the time of the

---

[1] The father's rights were also terminated. He does not appeal.

termination hearing, termination is contrary to the child's best interests, and permanency should have been deferred for an additional six months.[2]

Upon our de novo review of the record, *In re A.B.*, 956 N.W.2d 162, 168 (Iowa 2021); *In re C.Z.*, 956 N.W.2d 113, 119 (Iowa 2021), and giving primary consideration to the child's best interests, *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006), the defining elements of which are the children's safety and need for a permanent home, *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011), we conclude the child could not be returned to the mother's care, termination is in the child's best interests, and there is no basis to conclude the need for removal will no longer exist if the mother was granted additional time. *See* Iowa Code §§ 232.104(2)(b); .116(1)(h)(4), (2); .117(5). We affirm without further opinion pursuant to Iowa Court Rule 21.26(1)(a) through (e).

**AFFIRMED.**

---

[2] We could deem the mother's final argument waived because she only mentions it in passing with no citations to legal authority. Iowa R. App. P. 6.903(2)(g)(3). Exercising our discretion, we choose to consider it. *See id.* (noting we *may* deem the argument waived). She also notes the child was in the legal custody of relatives, but we find that brief notation insufficient for us to forego deeming waiver on any claim termination should have been foregone for that reason. *Id.*; *see* Iowa Code § 232.116(3)(a). In any event, the child was not placed in the legal custody of the relatives, so the exception does not apply. She also mentions the possibility of a guardianship but does not substantively develop that argument, so we deem any such argument waived. Iowa R. App. P. 6.903(2)(g)(3); *see* Iowa Code §§ 232.104(2)(d)(1), .117(5).